STATE OF NORTH CAROLINA
v.
JAMES LENAIR ALBRITTAIN.
No. COA06-640
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General James A. Wellons, for the State.
Brian Michael Aus for Defendant-Appellant.
McGEE, Judge.
James Lenair Albrittain (Defendant) was convicted of,inter alia, second degree kidnapping, breaking or entering, and common law robbery. The trial court consolidated these convictions for judgment and sentenced Defendant to a term of thirty-one months to forty-seven months in prison. Defendant appeals.
The following facts are relevant to Defendant's appeal. The victim was eighty-one years old and lived alone. She arrived at her home on 16 February 2005, at approximately 11:00 a.m., after a morning of shopping. The victim pulled into her garage and another car pulled into her driveway behind her. Defendant got out of the car and asked the victim for directions. The victim answered Defendant's question and he returned to his car and backed out of the driveway.
The victim went into her house, hung up her jacket, and put on a tea kettle. She went out to her car and brought her groceries into the house. She set the groceries on the table, turned around to close her door, and Defendant was standing in her house.
The victim told Defendant to leave her house. Defendant replied that "I'm not leaving until I get what I want." The victim asked Defendant what he wanted and he said "[m]oney." She told Defendant she did not "carry much cash." She then walked toward the family room to try and leave the house, but the doors were locked. The victim walked back towards the kitchen, and Defendant "backed [her] up into the family room, pointed to a chair, and told [her] to sit down and not to move until [Defendant] left." Defendant asked the victim for her purse, which she said might be in her car. Defendant checked, but the purse was not in the car. The victim then told Defendant to look in the dining room on one of the chairs. Defendant found the purse in the dining room, brought it out to the kitchen table, and took money from the purse. Defendant reached into a grocery bag, took a carton of cigarettes, and left. After Defendant left, the victim went to a neighbor's house and called the Sheriff's Department.
Defendant's sole argument on appeal relates to his conviction for second-degree kidnapping. Defendant argues that there was insufficient evidence to sustain that conviction. We agree.
To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "'Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)).
Defendant was convicted of second-degree kidnapping pursuant to N.C. Gen. Stat. § 14-39. To convict Defendant of second-degree kidnapping, the State was required to prove that he "confined, restrained, or removed the victim[] from one place to another for the purpose of facilitating the commission of a felony." State v. Ripley, 360 N.C. 333, 340, 626 S.E.2d 289, 293 (2006). As our Supreme Court stated in its 2006 opinion,
Additionally, . . . in determining whether a defendant's asportation of a victim during the commission of a separate felony offense constitutes kidnapping, [the Court] must consider whether the asportation was an inherent part of the separate felony offense, that is, whether the movement was "a mere technical asportation." If the asportation is a separate act independent of the originally committed criminal act, a trial court must consider additional factors such as whether the asportation facilitated the defendant's ability to commit a felony offense, or whether the asportation exposed the victim to a greater degree of danger than that which is inherent in the concurrently committed felony offense.
Id. at 340, 626 S.E.2d at 293-94.
In the present case, the victim walked from the kitchen toward the family room to try to leave the house, then walked back toward the kitchen. When Defendant then backed her into the family room, pointed her to a chair and told her not to move, this asportation was an inherent part of the separate felony offense of common law robbery, which was not yet completed. This "mere technical asportation" was not legally sufficient to support a conviction for second-degree kidnapping. Id; see also State v. Pigott, 331 N.C. 199, 210, 415 S.E.2d 555, 561 (1992); State v. Stephens, ___ N.C. App. ___, ___, 623 S.E.2d 610, 616 (2006). Thus, the victim's removal and confinement "'was a mere technical asportation and insufficient to support conviction for a separate kidnapping offense.'" Stephens, ___ N.C. App. at ___, 623 S.E.2d at 615 (quoting State v. Irwin, 304 N.C. 93, 103, 282 S.E.2d 439, 446 (1981)). Accordingly, Defendant's conviction for second-degree kidnapping is reversed, and the matter remanded for resentencing on the consolidated charges of common law robbery and breaking or entering.
Reversed and remanded.
Chief Judge MARTIN and Judge HUNTER concur.
Report per Rule 30(e).